UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM HENRY HARRISON,           )
                                  )
        Plaintiff,                )
                                  )
    v.                            )    Civil Action No. 04-0061 (JR)
                                  )
HARLEY G. LAPPIN, *et al.*,       )
                                  )
        Defendants.               )

**MEMORANDUM OPINION**

Plaintiff challenges a policy of the Bureau of Prisons ("BOP") that denies him unfettered access to his presentence investigation report ("PSR").[1]  When BOP did not respond to this challenge, the Court invited a motion addressing the merits of plaintiff's claim.  BOP then filed a supplemental brief in support of its motion to dismiss, although no motion to dismiss was pending.[2]  The Court will treat BOP's response as a motion to dismiss.

The policy to which plaintiff refers is BOP Program Statement 1351.05 ("P.S. 1351.05"), which governs the release of BOP information under the Freedom of Information ("FOIA") and

---

    [1]   Plaintiff demanded compensatory damages under the Privacy Act, and a declaratory judgment on the "constitutionality of the Defendant B.O.P. Policy with respect to PSR's, both on its face and as applied to Plaintiff Harrison."  Supp. Compl. at 10.

    [2]   BOP's motion to dismiss was granted in part and denied in part on March 31, 2005 [Dkt. #19, 31].

Privacy Acts.  In relevant part, P.S. 1351.05 expressly prohibits inmates from obtaining or possessing photocopies of their PSRs:

> Federal Presentence Reports (PSR) and Statements of Reasons (SOR) from Judgments in Criminal Cases. For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.). Inmates violating this provision are subject to disciplinary action.

P.S. 1351.05 at 15 ¶ 12(a)(2)(d).  Plaintiff asserts that the program statement violates his rights under FOIA.[3]

P.S. 1351.05 affords a federal inmate the opportunity to review his PSR and to take notes on it:

> Inmates must be provided reasonable opportunities to access and review their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.).

P.S. 1351.05 at 15 ¶ 12(d)(1).  An inmate who is afforded this opportunity is not entitled under FOIA to obtain or possess a copy of his PSR.  *Martinez v. Bureau of Prisons*, 444 F.3d 620, 625 (D.C. Cir. 2006) (per curiam); *Levi v. Nash*, No. 04-5233, 2005 WL 3610346 (D.C. Cir. Mar. 24, 2005) (per curiam).  One

---

[3] Plaintiff appears to invoke not only the FOIA, but also the First, Fifth and Six Amendments to the United States Constitution.  *See, e.g.,* Supp. Compl. ¶ 12; Plaintiff's Opposition and Response to Defendants' Motion to Dismiss or Transfer ¶ 44.  However, the Court accepts his representation that "[t]he issue is now, and has always been, Harrison's entitlement to his PSR pursuant to the FOIA."  Plaintiff's Response to Defendants' Supplemental Brief at 4.

2

panel of the Fourth Circuit apparently disagrees, *see United States v. Pugh*, 69 Fed. Appx. 628, 629 (4th Cir. 2003) (per curiam), but controlling precedent in this Circuit is clear. "Moreover, [P.S. 1351.05] sets forth reasons, based on concerns about inmate safety, for prohibiting inmates from keeping copies of their PSRs in their cells and reflects a judgment regarding prison administration that a court would be loath to second-guess."  *Martinez*, 444 F.3d at 625.

    The Court will grant defendant's motion to dismiss.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.

                                      JAMES ROBERTSON
                          United States District Judge