UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
WILLIAM HENRY HARRISON,        )
                               )
        Plaintiff,             )
                               )
    v.                         )    Civil Action No. 04-0061 (JR)
                               )
HARLEY G. LAPPIN, et al.,      )
                               )
        Defendants.            )
```

**MEMORANDUM OPINION**

This matter is before the Court on Harrison's motion for reconsideration of my order of November 7, 2006 [Dkt. #54-55; 2006 WL 3246400]. The motion will be denied for the reasons set forth below.

I.  BACKGROUND

Harrison "was convicted in the [United States District Court for the] Eastern District of Texas, and Judgment was entered on or about January 21, 2003." Supplemental Complaint ("Supp. Compl.") ¶ 4. He appealed to the United States Court of Appeals for the Fifth Circuit. *Id.* The Fifth Circuit allowed him to represent himself on appeal and forwarded the appellate record to the warden of the Federal Bureau of Prisons ("BOP") facility where Harrison was incarcerated at that time, with directions "to make the Record available to [him] for his preparation of his Main Brief on appeal." *Id.* ¶¶ 4, 5. The materials received from the Fifth Circuit did not contain a copy of Harrison's presentence investigation report ("PSR"), and he asked the clerk

to send him a copy.  *Id.* ¶ 6.  When it arrived, Harrison's case manager "refused to give the PSR package to [plaintiff]," *id.* ¶ 8, evidently in reliance on BOP Program Statement 1351.05 ("P.S. 1351.05"), Release of Information (9/19/2002).  *See id.* ¶ 10.  Harrison filed grievances in an unsuccessful effort to obtain a copy of his PSR.  *Id.* ¶¶ 9-13.[1]  The Fifth Circuit affirmed Harrison's conviction on September 23, 2004, Plaintiff's Opposition and Response to Defendants' Motion to Dismiss or Transfer ("Pl.'s Opp'n") ¶ 11, and remanded the matter to the district court for resentencing.  *United States v. Harrison*, Crim. No. 03-40160, 2007 WL 1814208, at *2 (5th Cir. June 21, 2007) (per curiam).  The outcome of the matter on remand is not of record.

Harrison alleges that, on his appeal, he "was raising significant sentencing issues which made his possession and unfettered usage of the PSR critical to his being able to properly and adequately raise these issues."[2]  Supp. Compl. ¶ 6. BOP's refusal to allow him to possess a copy of his PSR, Harrison alleges, violated his rights under the First, Fifth, and Sixth Amendments to the United States Constitution.  *Id.* ¶¶ 11-14; Pl.'s Opp'n ¶¶ 44-45.

---

[1]   Copies of the grievances and administrative appeals are not included in this record.

[2]   Harrison does not explain or describe these sentencing issues in any of the papers he has filed in this civil action.

## II.   DISCUSSION

*A.   Plaintiff's Motion for Reconsideration is Construed
as a Motion Under Rule 59(e)
of the Federal Rules of Civil Procedure*

Harrison mailed his motion within 10 days of entry of the November 7, 2006 Memorandum Opinion and Order, and the Court deems his motion filed on the date it was mailed.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (notice of appeal filed when petitioner delivered it to prison authorities for forwarding to Clerk of Court).  Accordingly, the Court construes this motion for reconsideration as one filed under Rule 59(e) of the Federal Rules of Civil Procedure.  *See Derrington-Bey v. District of Columbia Dep't of Corr.*, 39 F.3d 1224, 1226 (D.C. Cir. 1994) (treating motion for reconsideration as a Rule 59(e) motion if it is filed within 10 days of entry of the challenged order).

Motions under Rule 59(e) are disfavored, and relief under the rule is granted only when the moving party establishes extraordinary circumstances.  *See Anyanwutaku v. Moore,* 151 F.3d 1053, 1057 (D.C. Cir. 1998) (noting that Rule 59(e) motions generally not granted absent intervening change of controlling law, availability of new evidence, or need to correct clear error or prevent manifest injustice).  A Rule 59(e) motion is not a second opportunity to present arguments upon which the Court already has ruled or to present arguments that could have been presented earlier.  *See W.C. & A.N. Miller Co. v. United States,*

3

173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States,* No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999).

*B.   Program Statement 1351.05*

P.S. 1351.05 provides in relevant part:

> (d) Federal Presentence Reports (PSR) and Statements of Reasons (SOR) from Judgments in Criminal Cases.
>
> (1)  For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.). Inmates violating this provision are subject to disciplinary action.

P.S. 1351.05 at 15.  PSRs received by mail are treated as contraband.  *Id.*  "Inmates needing a copy of their PSRs [] for filing as an attachment in a court case may obtain, complete, and submit to the Court an Inmate Request For Certification or Judicial Notice of Pre-sentence Report[.]"  *Id.* at 16.

BOP adopted this policy in order to prevent situations where "inmates pressure other inmates for a copy of their PSRs [] to learn if they are informants, gang members, have financial resources, etc.," subjecting inmates who refuse to disclose their PSRs to threats or assaults, or prompting them to seek protective custody.  *Id.* at 15-16.  Inmates who disclose PSRs containing harmful information face similar risk of harm.  *Id.* at 16.

P.S. 1351.05 does acknowledge that inmates "are entitled under the FOIA to access their own PSRs[.]"  P.S. 1351.05 at 16

4

(citing *United States Dep't of Justice v. Julian*, 486 U.S. 1 (1988)).  Accordingly, inmates "must be provided reasonable opportunities to access and review their PSRs," and they "are responsible for requesting an opportunity to access and review these records with unit staff in accordance with the Program Statement on Inmate Central File, Privacy Folder, and Parole Mini-Files."  *Id.*  Nothing in the regulation appears to prohibit inmates from taking handwritten notes on the contents of their PSRs.

        C.    *Plaintiff's Constitutional Claims*

            1. <u>Access to the Courts</u>

To establish a right of access claim, a plaintiff must show that he was hindered in pursuing a cognizable legal claim.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  He must show that he "actually lost . . . [an] otherwise valid legal claim [or] that he is unable to raise such a claim in any other proceeding."  *Ali v. District of Columbia*, 278 F.3d 1, 8 (D.C. Cir. 2002).

Harrison argues that "his sentence was affirmed on direct appeal due to the fact that he could not refer to, specifically, verbatim language in the PSR to show the erroneous factual allegations and conclusions as to how the [United States Sentencing Guidelines] are to be applied."  Plaintiff's Response to Defendants' Supplemental Brief at 3; *see* Pl.'s Opp'n ¶ 47 ("As a direct and proximate result of [BOP's] failure to permit

[him] to possess and adequately use his PSR, [his] sentence has been affirmed on direct appeal . . . by the Fifth Circuit Court of Appeals."). Hampered though he claims to have been, however, it appears that Harrison did challenge the application of the Sentencing Guidelines on direct appeal. The Fifth Circuit found no error in the district court's enhancement of the sentence, finding that Harrison "willfully obstructed justice by feigning incompetence in order to avoid trial." *United States v. Harrison*, 108 Fed. Appx. 987, 990 (5th Cir. Sept. 23, 2004) (per curiam), *cert. granted and judgment vacated* [for recommendation in light of *United States v. Booker*, 543 U.S. 220 (2005)], 545 U.S. 1137 (2005), *judgment affirming convictions reinstated*, Crim. No. 03-40160, 2007 WL 1814208, at *2 (5th Cir. June 21, 2007) (per curiam). Nor did the Fifth Circuit find error in the application of three criminal history points "for his 1981 conviction for criminal possession of a forged instrument when the resulting incarcerated extended into the fifteen year period preceding this offense." *Id.*, 108 Fed. Appx. at 990. Harrison achieved partial success on his sentencing appeal, however: an enhancement for obstruction of justice was found to be erroneous under the Supreme Court's holding in *Booker*, and the case was remanded for resentencing.

Harrison has not shown that his inability to possess a copy of his PSR resulted in the loss or rejection of an actionable claim.

### 2. Due Process

Harrison repeatedly asserts that BOP has violated his Fifth Amendment right to due process.  *See* Supp. Compl. ¶¶ 3, 9; Pl.'s Opp'n ¶¶ 44-46.  The due process clause is implicated when the government deprives an individual of life, property or liberty. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989).  In this case, since Harrison does not claim that BOP deprived him of life or property, he must identify the denial of a liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995). A due process clause liberty interest for an inmate is not freedom from incarceration, but "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (internal citations omitted).

There is no liberty interest in the possession of the PSR itself, however.  Harrison's assertion of a "Due Process right to a direct appeal," Plaintiff's Response to Defendants' Supplemental Brief at 3, avails him nothing, since he did take a direct appeal (and only requested his PSR <u>after</u> noticing the appeal).

Harrison relies heavily, but erroneously, on *United States Dep't of Justice v. Julian*, 486 U.S. 1 (1988), *see* Supp. Compl. ¶¶ 3, 9-13; Pl.'s Opp'n ¶¶ 42-46, which taught that PSRs could not be withheld under Freedom of Information Act ("FOIA") exemptions 3 and 5, *see* 5 U.S.C. § 552(b)(3), (b)(5), where the requesters themselves were the subjects of the reports.  FOIA is not a means for vindicating constitutional rights, however.  *See Johnson v. Executive Office for United States Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (FOIA creates no remedy for alleged violation of requester's constitutional right to due process under the Fifth Amendment to the United States Constitution arising from agency official's mishandling of FOIA request).

### III.  CONCLUSION

Harrison's equal protection and right to counsel arguments have been examined and lack merit.  His motion for reconsideration fails to present the extraordinary circumstances required by Rule 59(e) and will be denied.  An Order consistent with this Memorandum Opinion is issued separately.

                                              JAMES ROBERTSON
                                  United States District Judge